## CHARLES F. ROBISON

*v.*

## WILLIAM BOTKIN *et al.*

*Opinion filed October 13, 1899.*

1. WILLS—*when testamentary clauses are not in conflict.* A testamentary clause that the testator's property be equally divided among his children is not in conflict with a subsequent clause directing the executors to sell the lands in case the heirs (meaning his children) cannot agree upon a division of them.

2. LEVY—*when undivided interest of child is not subject to levy.* Under a will devising the testator's property equally to his children and directing a sale of the lands in case they cannot agree upon a division, the latter do not, in the absence of an agreement or election to divide the land, take such a title thereto as is subject to levy and sale, as there is by the will an equitable conversion of the land into money.*

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

In 1883 Levi S. Botkin, owning in fee the east half of the north-east quarter of section 2, township 7, north, and the west half of the south-east quarter of section 35, township 8, north, all in range 1, east of the fourth principal meridian, in Fulton county, died leaving his last will, which will, after giving his wife, Frances M. Botkin, a life estate in all of his property, subject, however, to the payment of his debts, contained, so far as pertinent to this case, the following:

"*Second*—After the death of my wife I desire that my son Jeremiah be paid $800 as a compensation for his many services and care rendered his parents, and that he shall have the privilege of taking at the appraisement the S. ½ of W. ½ S. E. Sec. 35, 8 N. 1 E., or the whole of the eighty if he may see fit and proper; and in case he

---

*The question what expectant and contingent interests in real property are subject to attachment or levy on execution is treated in a note to *Young* v. *Young*, (Va.) 23 L. R. A. 642.

takes the S. ½ or the whole of the W. ½ S. E. Sec. 35, 8 N. 1 E., to have a reasonable time to pay the same.

"*Third*—The remainder of my property, both real and personal, to be equally divided amongst my beloved children, namely, Elizabeth, William, Ira, Jeremiah and Charles, deducting, however, from the share of either any obligation or indebtedness they may owe the estate.

"*Fourth*—In case the heirs can agree to divide the real estate, I desire that they do so. If this cannot be done, it is my desire and wish that the executors sell the lands."

Ira Botkin, one of his children mentioned in the third clause, became indebted to the First Bank of Macksville, Kansas, and after the death of the testator the bank, under judgment obtained in the Fulton circuit court, caused the interest of said Ira in said lands to be levied upon and sold, and obtained a sheriff's deed therefor. Afterward, the receiver of the bank, under an order of the court in Kansas, sold its interest in the land so acquired to Charles F. Robison, the appellant, and, as alleged in the bill, conveyed the same to him by deed. Upon the death of the widow, Frances M. Botkin, in 1898, the appellant filed his bill for a partition of said lands. The court sustained a demurrer filed by some of the defendants and dismissed the bill, and the complainant has brought the case here, on appeal, for review.

M. T. ROBISON, and J. A. McKENZIE, for appellant.

LUCIEN GRAY, and W. SCOTT EDWARDS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

In sustaining the demurrer and dismissing appellant's bill for partition we are of the opinion the learned chancellor of the circuit court decided correctly. We deem it unnecessary to consider the defects in the bill, other than the fatal one that it showed no title in the complainant.

By the terms of the will, the widow having died, all of the real estate which Jeremiah Botkin would not ac-

cept under the second clause of the will must be sold by the executor, unless the beneficiaries should, by agreement, divide it among themselves, and the proceeds of such sale must be distributed equally among the testator's children named in the second clause, "deducting" (in the language of the will) "from the share of either any obligation or indebtedness they may owe the estate." Such was evidently the intention of the testator, as appears from a consideration of the entire will and all of its parts.  The expression in the third clause, of his desire that the "heirs" (meaning his children) divide the land among themselves if they can do so, confers on them no right or power which they would not have had without it, for it is well settled that, even where by a will there is an equitable conversion of real into personal property by a direction contained in the will to sell and distribute the proceeds, the distributees, if they all agree, may elect to take the land and dispense with the sale. (*Baker* v. *Copenbarger*, 15 Ill. 103; *Ebey* v. *Adams*, 135 id. 80; *Matter of Corrington*, 124 id. 363.)  And this will merely follows the law, that all must so agree or elect to take the land else it must be sold as directed, for each has the right to have the will carried into effect and to have the whole of the land sold, and not some undivided part of it.  (Ibid; 3 Pomeroy's Eq. Jur. 143.)  No such agreement or election to re-convert, or to take and divide the land, having been made, the duty devolves on the executor to sell it and distribute the proceeds.  This duty is not discretionary, but is by the will expressly enjoined.  There is, therefore, by the will an equitable conversion of real into personal property, and Ira Botkin took no title to the land which was the subject of levy and sale; and, as said in the cases above cited, it is immaterial whether the title descended to the heirs-at-law or passed by the will to a trustee, for, in any case, it is held in trust for the purposes of the will.  As said in *Baker* v. *Copenbarger*, 15 Ill. 103, each of the beneficiaries has the right to insist

that the land shall be sold, unencumbered and unembarrassed by any act done or suffered by any of the others.

It is contended, however, that by the third clause of the will the land is in terms devised to Ira Botkin and the other four children of the testator therein named, and that that clause should prevail over the subsequent one in conflict with it. It is a cardinal rule that the entire will should be construed together and be made to harmonize and effect be given to every part, if possible, and that the intention of the testator as expressed in the will should be ascertained and carried into effect. We find no necessary conflict between the two clauses. It is evident from the third clause that the testator intended that the indebtedness of any one of his children to the estate should be deducted from his share of the estate, and that they should thus be made equal; and from both the clauses together, that the division and distribution should be made in personal property altogether, unless they agreed among themselves that as to the land they would take it as land. It may be remarked, also, that no such division of land could be made without the previous election of Jeremiah Botkin to take or not to take the land mentioned in the second clause of the will. The bill shows nothing on this subject.

As indicated, we are of the opinion that as to all the land mentioned in the will, except that which may be taken by Jeremiah Botkin under the second clause of the will, there was by the will an equitable conversion into money, and that the First Bank of Macksville took no title by its purchase and deed under the execution sale against Ira Botkin. It follows, of course, that the deed of the receiver of the bank conveyed no title to appellant.

The decree of the circuit court sustaining the demurrer and dismissing the bill is correct, and it will be affirmed.                                    *Decree affirmed.*