HUFFMAN ET AL. v. BERRY, EXECUTOR, ET AL.

*Wills—Construction—Testator's intention not changed by numbering or arrangement of items.*

The intention of a testator as expressed in the items of his will cannot be changed by the numbering of the various items of the will or the order in which they are arranged.

(Decided November 22, 1921.)

ERROR: Court of Appeals for Butler county.

*Mr. E. H. Jones* and *Messrs Palmer & Elliott,* for plaintiffs in error.

*Messrs. Shotts & Millikin,* for defendants in error.

CUSHING, J. Mary C. Hull executed the will in question April 3, 1908. She died August 6, 1919. The will was probated September 20, 1919. Items 18 and 20 of the instrument will be construed.

Item 18:

"If my executor named should have a surplus of money in his hands after paying all of the expenses of administration and all the legacies and bequests herein named, then and in that event it is my wish, and I so will and direct that the residue remaining in his hands shall be divided by him in equal share and share alike among my three nieces Edith M. Foster, Bertha Francis, and Mary R. Wyatt and my nephew Isaac Williamson and The First Reformed Church of Hamilton."

Item 20:

"It is my wish and I so will and direct that if any of my real estate is left unsold at my death, then

and in that event, I wish my executor hereinafter named, to sell the same without delay in order that he may take the proceeds to pay the legacies, devises and bequests herein. The real estate consists of a portion of lot number 1726 in the City of Hamilton, Ohio, and a farm or tract of about five acres of land near Bond Hill, Hamilton county, Ohio.''

At the time the will was executed Mrs. Hull owned real estate in Bond Hill, Hamilton county, her homestead in the city of Hamilton, and part of lot No. 1726 in Hamilton. The Bond Hill property was sold prior to her death. The homestead, No. 125 South D street, Hamilton, was devised to her daughter-in-law, Elizabeth Alexander.

Counsel for plaintiffs in error contend that as to the real estate known as lot No. 1726, Mrs. Hull died intestate; that the title is in plaintiffs, as her heirs at law; and that the executor has no power to sell such real estate.

The facts are that the personal estate at her death amounted to about $15,011.34, and the specific bequests amounted to $8,500.

Some confusion has arisen from the order in which the various provisions of the will are arranged. Had Item 20 been Item 1, no question could be raised as to it being a direction to the executor to sell all of her real estate, to pay the bequests, and distribute the balance to the residuary legatees. For clarity I will restate the oft-repeated rule of construction of wills, that the main purpose of construction is to ascertain the intention of the testator, that a court, in construing a will, will adhere to the settled rule of construction that a testator is never presumed to die intestate as to any part of his estate to which his attention appears to have been directed, and that a

court of equity will put such a construction upon equivocal words as to procure such a result. *Collier* v. *Collier's Exrs.*, 3 Ohio St., 369.

The case of *Davis* v. *Davis, Exr.*, 62 Ohio St., 411, is cited in support of the contention that the construction should be most favorable to the heirs at law. In that case the will provided that the *"balance"* due me from mortgage, bank, or bills unpaid at my death, be used in paying all before specified as my indebtedness, my legacies, and the bequests to charities; that the balance be divided between the children living at my death, etc. The court in that case held that the balance to be divided was from the particular funds named, and not a residue of the entire estate.

Residue, unless otherwise limited, means that which remains of an estate after taking away a part of it. In a will it means everything not otherwise disposed of, and it makes no difference whether the legacy falls into the estate by lapse, or by a provision void at law, the next of kin is equally excluded.

In Item 18 the testatrix, by clear and unambiguous language, gives the residue remaining in the hands of the executor to the persons and the church named in that item. The only question is whether or not Item 20, coming after the residuary clause, means that the executor should distribute the personal property left in his hands, after paying the specific bequests as to the residue; or whether the testatrix intended that the executor should dispose of all her real estate and distribute the estate according to the provisions of the will.

Counsel for plaintiffs in error claim that the will does not vest the title to the real estate in the executor; that it does not specifically direct that the real

estate be converted into personalty. In *Robinson v. Botken,* 181 Ill., 182, the court passed on a provision in a will that directed that if the children could agree the real estate should be divided; that in case they fail to agree "it is my desire and wish that the executors sell the lands." The court held that on failure of the children to agree the direction to the executor was absolute; that by the terms of the will there was an equitable conversion of the real estate into personal property and the children therefore took no title to the land. The same was held in *Penalosa State Bank* v. *Murray,* 86 Kans., 766, 39 L. R. A., N. S., 817.

The will here in question provides that if any real estate remains unsold at the death of testatrix the executor shall sell the same without delay. The power of sale was given for the purpose of accomplishing the testatrix's general scheme of distribution.

It is clear that one of the first acts of the executor was to dispose of the real estate remaining unsold at her death, and this was to be done before any devises or bequests were paid.

From the conclusion stated it is not necessary to examine the questions whether the personal property was primarily liable for the debts, or whether the testatrix, by her will, intended to first subject the real estate remaining unsold at her death to the payment of her devises and the legacies. Her intention is clear, that the executor was to sell the real estate as soon as possible after her death, and, after it was sold, distribute the proceeds according to the provisions of her will. The numbering of the items cannot change the expressed intention of the testatrix.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.