**STEVENS, Exr. v HILL, et**

Probate Court, Tuscarawas Co

Decided December 5, 1934

## OPINION

By LAMNECK, J.

Mary E. Lytle died testate on January 13, 1934. In her will she made the following bequest:

"Item 5. I give and devise to my niece, Nellie Hill, three thousand dollars." Item Two of the codicil changed this to five thousand five hundred dollars.

All the bequests are general and read the same as Item 5 except Item 8, which reads as follows:

"Should there be a residue, I give and devise the same to Betty Hill, daughter of Will Hill."

Nellie Hill died testate without issue on December 8th, 1932, naming her brother Will Hill her residuary legatee.

W. B. Stevens, executor of the estate of Mary E. Lytle, brings this proceeding asking the order and direction of the court as to the disposion of the bequest of $5500.00 made to the aforesaid Nellie Hill.

There are three contentions:

1. That the legacy becomes a part of the estate of Nellie Hill.

2. That the bequest passes as intestate property.

3. That the bequest becomes a part of the residue and passes under Item 8 of the will.

A legacy which was operative when a will was made, but which becomes ineffective because the beneficiary dies before the testator, is a lapsed legacy.

Sec. 10504-73 GC, provides that where a legacy is given to a child or other relative of a testator who dies without issue prior to the death of the testator, that such legacy shall pass to and vest in the remaining residuary legatees, if such legacy is of a residuary estate or of the entire estate after payment of debts and other legacies.

The statute is silent as to the disposition of a general legacy to a child or other relative who dies prior to the death of the testator without issue. It would therefore, appear that §10504-73 GC has no application to this situation.

In the absence of statute, a lapsed legacy is not a part of the estate of a deceased beneficiary and is not payable to his personal representative. Neither can such beneficiary dispose of such a gift by a will. (Page on Wills §1251).

In the absence of statute, the devolution of a lapsed legacy depends upon whether or not there is a general residuary clause in a will which is sufficient to include the lapsed gift. If there is not, then such lapsed legacy passes as intestate property.

It is generally held that a general residuary clause includes all property of which the testator has not made a

valid disposition whether ▮▮▮ he had attempted to make disposition thereof or not, unless such property was excluded from the general residuary clause by some language showing such intention.

In this particular case, the residuary clause provides that "should there be a residue, I give and devise the same to Betty Hill, daughter of Will Hill." It is quite clear from the reading of this clause that it was the testator's intention to pass all property in this clause not otherwise disposed of. There was no affirmative intention to exclude a lapsed legacy.

This legacy then does not become intestate property or become a part of the estate of Nellie Hill, but becomes part of the residue and passes under the residuary clause.