Hewes, Admx., Appellee, *v.* Mead et al., Appellees; Fox et al., Appellants.

(No. 1149—Decided December 1, 1947.)

*Mr. Thos. E. O'Hern,* for appellee Grace Mary Hewes, administratrix.

· *Mr. Walter R. Harlan* and *Mr. A. W. Cinniger,* for appellees Georgia Mead and Cecile H. Lees.

*Mr. R. H. Rice* and *Mr. L. R. Boyson,* for appellants.

HUNSICKER, J. This appeal from an order of the Probate Court of Lorain county, Ohio, was submitted to this court by counsel on questions of law. The action was one to construe the will of Harriet Cobb, deceased.

Item 2 of decedent's will, the subject for consideration by this court, reads as follows:

"Item 2. I give, devise and bequeath to my husband, John Cobb, if he survive me, all the rest and residue of my estate whether real, personal or mixed of every character, kind and description that I may die seized of after the payment of prior items to be his absolutely and forever; in the event that my husband John Cobb does not survive me then in that event I give, devise and bequeath to Rose Fox, of Chicago, Ill., my husband's sister, whatever interest I should have or receive of every nature, character and description through the will of my said husband, John Cobb, to be hers absolutely and forever. And the residue or remainder I give, devise and bequeath to my sister, Georgia E. Mead, and my foster sister, Cecile H. Lees, of Henrietta township, Lorain county, Ohio, such remainder, equally, share and share alike, absolutely and forever."

On June 29, 1929, Harriet Cobb, the decedent herein, made her will. On October 7, 1941, Harriet Cobb was declared incompetent, and John Cobb, her husband, was until his death on April 2, 1942, her guardian. Harriet Cobb remained under guardianship until

her death on January 26, 1946, with Grace Mary Hewes the successor guardian. Rose Fox, the sister of John Cobb, died on October 8, 1944, leaving as her children and sole heirs at law, the appellants herein, Paul Fox, John P. Fox, Mrs. Helen Keipp and Mrs. Olive Tezla.

The Probate Court held that the devise and legacy to Rose Fox lapsed and passed to Georgia Mead and Cecile H. Lees, appellees, as a part of the residuary estate of Harriet Cobb, deceased.

Appellants in their assignment of errors say that the court erred in ruling that:

"1. * * * the devise and bequest to Rose Fox lapsed and became void, rather than vesting in her heirs.

"2. * * * the property devised and bequeathed to Rose Fox passed as part of the 'residuary estate,' since no residuary estate was set up by the will of Harriet Cobb.

"3. * * * the portion of the estate of Harriet Cobb which came to her under the will of her deceased husband passed in its entirety to Georgia Mead and Cecile H. Lees, rather than one-half to them and one-half to appellants under Sec. 10503-5, General Code."

The questions raised are:

1. Does the phrase "to be hers absolutely and forever" vest the estate in the heirs of Rose Fox?

2. Does the will of Harriet Cobb establish a class bequest?

3. Does the bequest to Rose Fox lapse under Section 10504-73, General Code?

4. Is the residuary estate set forth in Item 2 herein of a particular or a general nature? (If of a particular nature, it would, under certain circumstances, pass as intestate property. If of a general nature, it would, under certain circumstances, pass under the will as of a part of the residuum.)

Until the death of Harriet Cobb, no rights could arise in Rose Fox or any one claiming under her, for the will speaks only from the death of the testatrix. Such rights as do arise are limited by the terms of the will which creates them. *Patton* v. *Patton,* 39 Ohio St., 590, at page 597; *Ohio National Bank, Trustee,* v. *Boone,* 139 Ohio St., 361, 40 N. E. (2d), 149, 144 A. L. R., 1150.

In order for the title to vest in the appellants herein, it would be necessary to say that the phrase "to be hers absolutely and forever" really means "to her or her heirs absolutely and forever." The general rule is that, where the will uses the words "or her heirs" following a devise or bequest to a named devisee or legatee, there is a substitutive or alternative provision preventing a lapse in case such devisee or legatee predeceased the testatrix. 41 Ohio Jurisprudence, Wills, Section 822; 78 A. L. R., 1008, and cases there cited; 128 A. L. R., 94, and cases there cited.

Absolutely means "without limitation or qualification." Forever means "at all times, always."

We cannot write into the will something which the testatrix did not say, and which she could have said at the time of its execution, had she so desired. The words "absolutely and forever" characterize the quality of the estate given but do not create an estate.

In the second question raised by appellants—that there was created herein a class bequest—it is to be noted that a direct bequest was made to a named individual. There is nothing in the will to indicate that Harriet Cobb, the testatrix, intended to create a class to include the heirs of Rose Fox.

"* * * 'a testamentary gift is one to a class where the aggregate property given to the group, or the several items assigned to the members, may, according to the intent of the testator, be taken by such of

the persons indicated as are in being at the time of testator's decease, or at such time subsequent to the date of the will as the membership of the class is to be effectually ascertained.' "

41 Ohio Jurisprudence, Wills, Section 579, quoting 75 A. L. R., 779; and see following sections; also cases cited thereunder.

The third question is answered by reading Section 10504-73, General Code (lapsed legacy statute). Rose Fox was not the child of testatrix, neither can she be classed as "other relative." *Schaefer* v. *Bernhardt,* 76 Ohio St., 443, paragraph one of the syllabus, 81 N. E., 640; *Kegler, Admx.,* v. *Kempter,* 74 Ohio App., 279, 58 N. E. (2d), 701.

The section of the code construed in the *Schaefer* v. *Bernhardt case, supra* (Section 5971, Revised Statutes) is the predecessor statute to Section 10504-73, General Code, now in force and effect. The bequest under consideration herein to Rose Fox lapsed at her death.

A "residuary estate" or "the residue" means everything that remains of an estate not otherwise disposed of. *Jewett* v. *Jewett,* 21 C. C., 278, 12 C. D., 131; *Huffman* v. *Berry, Exr.,* 15 Ohio App., 372, at page 374.

Where a residuary clause refers to a balance after other gifts, or to a specific fund, or to a certain class of property, or words of like import, the courts have uniformly interpreted the language to limit the residuary estate to the particular property. If, however, the residuary clause contains no such clearly expressed intention to limit the property given, then it is deemed to be of a general nature, and lapsed gifts pass as designated in the will. *Davis* v. *Davis, Exr.,* 62 Ohio St., 411, 57 N. E., 317, 78 Am. St. Rep., 725; *In re Stewart,* 37 Ohio Law Abs., 105, 45 N. E. (2d), 792; 41 Ohio Jurisprudence, Wills, Section 833 *et seq.,* and cases there cited; 10 A. L. R., 1522.

When Harriet Cobb used the words "And the residue or remainder I give, devise and bequeath," did she contemplate the possibility of a lapse of the Rose Fox bequest? Certainly no presumption can arise as to her intent under the rule in *Foreman, Admx.,* v. *Medina County National Bank,* 119 Ohio St., 17, 162 N. E., 42. She was, prior to the death of Rose Fox, and up to the time of her own death, an incompetent, and hence could not be charged with knowledge of a changed situation. It is to be noted, however, that the bequest to her sisters came at the end of Item 2; it specifically mentioned residue and remainder; if it had been her intention to give only what was her property, exclusive of that which came to her from her husband, she could have so stated. She chose to use the words "residue or remainder," and it must be assumed that she used them advisedly, knowing what the force and effect of the statute would be in the event of the death of Rose Fox.

As was said in *Flynn, Admr.,* v. *Bredbeck,* 147 Ohio St., 49, at page 53, 68 N. E. (2d), 75:

"Testatrix chose the words used in item six of her will and the presumption exists that she was acquainted with the quoted statutes, their judicial interpretation and the effect they might have on the devolution of her estate. 41 Ohio Jurisprudence, 649, Section 520."

See, also, *Everhard, et al., Trustees,* v. *Brown,* 75 Ohio App., 451, 62 N. E. (2d), 901.

The words Harriet Cobb used created a residuary estate of a general nature.

We have examined all the claimed errors and find none prejudicial to the rights of the appellants.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.