COLLINS, Exr., Plaintiff-Appellee, v. PATTON,
Defendant-Appellant, BOERSTLER et, Defendants-Appellees.

Ohio Appeals, Second District, Clark County.

No. 489.   Decided July 18, 1952.

George C. Collins, Springfield, for executor.

Corry, Durfey, Martin & Browne, Springfield, for the Women's General Missionary Society of the United Presbyterian Church of North America.

McGrew & Laybourne, Springfield, for William S. Patton.

## OPINION

By THE COURT:

This is a law appeal from the Probate Court of Clark County in an action to construe the will of Anna I. Patton, deceased.

Counsel stipulated that the facts stated in the petition were true.   It is also agreed that the principal question for determination is:   Does the real estate described in Item 7 become a part of the residuary estate and pass under the will to the Women's General Missionary Society of the United Presbyterian Church of North America, or does the property descend as intestate property to the brother of the testatrix, William S. Patton?   The determination of this question hinges on whether Item 9 of the will is a general residuary clause or whether it creates a particular fund, the balance of which is distributed to the Women's General Missionary Society.   The

Probate Court held that Item 9 was a general residuary clause and that the real estate described in Item 7 passed to the Women's General Missionary Society as a part of the general residuary estate.

In Item 7 of the will the testatrix devised to Mr. and Mrs. H. John Singer her real estate located on North Fountain Avenue, City of Springfield. Prior to the death of the testatrix both Mr. and Mrs. Singer died in a common accident. The will does not expressly provide for the contingency which may arise by reason of the death of both of the Singers prior to the death of the testatrix. It is agreed by counsel that the devise under Item 7 to the Singers lapsed.

Is Item 9 a general residuary clause? Item 9 in part is as follows:

"All the rest, residue and remainder of my estate I give, devise and bequeath to the Women's General Missionary Society of the United Presbyterian Church of North America, etc."

In **41 O. Jur., page 860, Section 740,** the text is as follows:

"A residuary clause is the clause in a will by which that part of the property is disposed of which remains after satisfying previous bequests and devises. It is one which operates to pass all of the testator's property not previously disposed of, and it includes legacies which may lapse by events subsequent to the making of a will, or property covered by illegal legacies or legacies which for some reason are prevented from taking effect. The words 'all the rest, residue, and remainder' are general words commonly employed in a residuary clause of a will to embrace every species of property not otherwise disposed of."

In **Vol. 41, O. Jur., Page 947, Section 831,** it is stated:

"The modern rule is that a residuary clause carries all the estate of the testator not otherwise lawfully disposed of by the will, including void and lapsed legacies and devises."

In the case at bar the testatrix did provide for the payment of pecuniary legacies and made two bequests of personal property and then provided for the disposition of the residuary estate.

In the application of the rule just stated to the provisions of the will under construction, this Court concludes, as did the trial court, that Item 9 constituted a general residuary clause. There is no provision in the will from which the court could conclude that it was the intention of the testatrix to create a particular fund, the balance of which passed under Item 9. Cases cited by the Appellee involved wills in which the testator had created a particular fund; the law in such cases has no application here.

We have considered Item 11 in construing the will. Item 11 confers on the executor the usual powers and authority in effecting the settlement of the estate. Item 11 is not a dispositive clause. This item only attempts to give instructions to the executor. However, in Item 11 the testatrix manifests her intention to convert into cash all property, both real and personal, not otherwise disposed of. The real estate at the time of her death was not otherwise disposed of except by reference to the residuary clause. There is no provision in Item 11 which in any way weakens Item 9 as a general residuary clause.

In our judgment, the trial court was correct in holding that the real estate did not pass as intestate property to the brother, but passed under the general residuary clause in Item 9 to the Women's General Missionary Society.

We have been favored with a copy of the opinion of the trial court, the gist of which was carried into the judgment entry. We agree with the judgment of the trial court on other issues of minor importance without further comment.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.