ZANGERLE, EXR., PLAINTIFF-APPELLANT, *v.* THOMAS, DEFENDANT-APPELLANT, GERTRUDE LOEB, SYBILL COVEN ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 25468, 25469.   Decided June 29, 1961.

Mr. *Willis J. Zangerle,* for plaintiff-appellant.
Mr. *Clarence C. Fowerbaugh,* for defendant-appellant.
Mr. *Ellis V. Rippner,* for defendants-appellees.

HURD, J. This is an appeal on questions of law from a judgment of the Probate Court in an action to construe the will of Carl D. Thomas, deceased.

The pertinent facts were stipulated in the trial court.

Carl D. Thomas died March 16, 1960 and his will was duly admitted to probate on April 11, 1960. The Inventory and Appraisement was filed and shows that decedent died owning a 13/14th's interest in real property on Lorain Avenue, Cleveland, Ohio, valued at $25,500 and total personal property valued at $6,803.13.

The decedent's will was executed August 28, 1953. At the time of execution, his mother, three brothers and four sisters were living. In his will he named only three of these—a brother, Frank J. Thomas, another brother, Walter Thomas, and Florence Thomas, a sister. At the time of his decease, on March 16, 1960, he had but one brother and three sisters living. Frank J. Thomas and Florence Thomas, both of whom were named in the will, predeceased him. Walter Thomas was the sole survivor of the three named in the will.

Items Two and Three of the decedent's will are the principal items for interpretation:

"Item 2. I give, and devise my interest in real estate known as 17506 Lorain Avenue, Cleveland, Ohio, and further known as Sub Lots 3 and 4 in Paul Allien Subdivision (Vol. 63, Page 36 of Records) as follows:

Six-sevenths (6/7ths) to my brother, Frank J. Thomas,

One-seventh (1/7th) to my brother, Walter Thomas, absolutely and in fee simple.

"Item 3. All the rest, residue and remainder of my estate, real and personal of every kind and description which I own or have a right to dispose of I give, devise and bequeath to my brother, Frank J. Thomas. In the event of his predecease, the residue of my estate shall pass to my brother, Walter Thomas, and my sister, Florence Thomas, in equal share."

The executor in his petition seeks construction and direction which he presents in two questions as follows:

"1. Does the six-sevenths (6/7ths) provision of Item 2 lapse due to the predecease of Frank J. Thomas and thus become intestate property and descend by the law of intestate

succession or does it pass under Item 3 as part of the residuary estate?

"2. Does the share of the estate described in Item 3 as passing to Walter Thomas and Florence Thomas in equal shares now pass to Walter Thomas as a whole interest or does the share Florence Thomas would have inherited had she survived pass by the law of intestate succession?"

The Probate Court held as to the first issue that the interest of Frank Thomas, deceased, should pass and descend in fee simple under the law of intestate succession to his heirs at law, Gertrude Loeb, Sybill Coven, Louise Warder and Walter Thomas. The court held as to the second issue that it having been stipulated by agreement of counsel that Florence Thomas died without issue, the question of the share of the estate described in Item 3 as passing to Walter and Florence Thomas, in equal shares, was answered by the determination of the first issue.

The appeal is brought to this court by the executor who assigns as error the following:

"1. The court erred in determination that lapsed devise passed as intestate property.

"2. The court erred in determination that interest of predeceased residuary legatee and devisee passed as intestate property."

The appeal by Walter E. Thomas assigns as error the following:

"1. That the decision of the court is contrary to law.

"2. That the decision of the court is against the manifest weight of the evidence and is without sufficient proof to warrant such finding.

"3. That the decision of the court as to question No. 2 is answered only inferentially."

The Probate Court, in arriving at a decision, assumed that the intention of the testator was to limit his residuary clause to a particular fund, namely, after acquired property, as well as the residue of his personal estate. We think this is an unwarranted assumption. By holding that the one-half share of his estate remaining after the death of Frank J. Thomas excludes Walter Thomas, who is specifically named as a legatee

and devisee in an equal share with Florence Thomas, deceased, the court fails to give consideration to the testator's intention, as specifically expressed in the residuary clause as set forth in Item 3 of the will above quoted. The testator stated in his will the words: "All the rest, residue and remainder of my estate, real and personal, of every kind and description which I own or have *a right to dispose of* * * *." Therefore, it is obvious that he intended to include all of the property which he had the right to dispose of at the time of his decease. We hold that the residuary clause is a general residuary clause and that the testator stated unequivocally therein, in words that cannot be misunderstood, that in the event that his brother, Frank Thomas, predeceased him, that portion of the remainder of his estate, both real and personal, of every kind and description, should pass to his brother, Walter Thomas, and his sister, Florence Thomas, in equal shares.

The Probate Court, while stating that in ascertaining the testator's intention, it must look to the words and their use, nevertheless disregarded the clear intent of the testator and the words used by him when it excluded Walter Thomas, who, under the residuary clause, was clearly entitled to at least one-half of the real estate which had been devised to Frank Thomas, and any other property which he had the right to dispose of at the time of his decease. This would have entitled Walter Thomas to at least three-sevenths of the real estate which had been devised to Frank Thomas, in addition to the one-seventh specifically devised to him. Therefore, we hold, in answering the first question posed above, that the assignments of error of both the executor and Walter Thomas must be sustained and that the court committed error prejudicial to the rights of the appellants in holding contrary to the plain words of the will that the deceased wished to have his brother, Walter Thomas, and his sister, Florence Thomas, share equally in the event that his brother, Frank Thomas, predeceased him. This is so clearly set forth in the will that we think the citation of authorities is entirely unnecessary in deciding this particular question.

Coming now to a consideration of the second question posed above, the latest authoritative decision on this subject is *Commerce Natl. Bank of Toledo* v. *Browning*, 158 Ohio St.,

54, 107 N. E. 2d, 120, (1952). Although the facts in that case are dissimilar to the facts in the case at bar, they presented the Supreme Court of Ohio with almost the identical question which we are called upon to decide in this case. The will in both cases contained a general residuary provision and a portion of this provision lapsed or became ineffective. Thus the Supreme Court had to decide whether the lapsed portion of the residue would pass as intestate property or whether it would pass under the residuary provision to other persons entitled thereunder. The Supreme Court held as appears in the syllabus:

"Where a will contains general residuary provisions for disposition of any and all of the testator's property not disposed of by other provisions of the will, if a bequest or devise of a part of the residue lapses or is otherwise ineffective, that part of the residue, except as provided by statute and in the absence of provisions of the will or surrounding circumstances justifying the conclusion that the testator expressed a different intention, will ordinarily pass under such residuary provisions of the will to any other parties entitled thereunder to portions of the residue, instead of passing as intestate property."

In an annotation contained in 36 A. L. R. 2d, 1117, "Devolution of Lapsed Portion of Residuary Estate," it is stated that there is a majority and a minority rule throughout the United States. At page 1121, we find the following: "In a minority of jurisdictions the rule which ordinarily results in a partial intestacy has been departed from or distinctly rejected." The annotation further states: "Ohio has recently joined this minority" and cites *Commerce Natl. Bank of Toledo* v. *Browning, supra*. This being the latest decision of our Supreme Court on this subject, we feel that this court is bound to follow it.

Again we call attention to the residuary clause which very definitely includes property which the testator had the right to dispose of at the time of his decease. This would include the interest of the real property set forth in the will and any other property, whether described or not. This conclusion is also in harmony with the decision of the Court of Appeals of the Second District, in *Collins* v. *Patton*, 64 Ohio Law Abs., 518, 113 N. E. 2d, 100, wherein it is held, as appears by paragraph one of the headnote:

"A general residuary clause of a will is one which disposes of that part of the testator's estate, including lapsed, illegal or ineffective bequests or devises, which remains after the satisfaction of all previous bequests and devises."

We also conclude that the so-called "anti-lapse" statute is applicable. Section 2107.52, Revised Code, entitled "Death of devisee or legatee" reads in part as follows:

"* * * If the testator devised a residuary estate or the entire estate after debts, other legacies and devises, general or specific, or an interest less than a fee or absolute ownership to such devisee and relatives of the testator and such devisee leaves no issue, the estate devised shall vest in such other devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition is made or required by the will."

We think this has application to the instant case because the testator willed the residue of his property upon the predecease of Frank Thomas to his brother, Walter Thomas, and to his sister, Florence Thomas, in equal shares, and Florence having died without issue, Florence's share will go by the force of the statute to the surviving brother, Walter Thomas. For a very able discussion of this subject, see "The Ohio Anti-Lapse Statute" by Professor Robert C. Bensing, 28 Univ. of Cincinnati Law Rev., page 1, at page 25, et seq.

Counsel for the appellees relies heavily on the case of *Davis* v. *Davis*, 62 Ohio St., 411, 57 N. E., 317, which we have examined very carefully and have reached the conclusion that it must be distinguished from the instant case. In the *Davis case*, there were three specific legacies to charitable institutions which were void by reason of the decedent having died within one year from the date of making his will. Also the decedent left an adopted child as well as certain other relatives. The decedent then directed that his livestock, farming equipment and business be sold and with the proceeds of such sale, his debts were to be paid and the balance was to be divided among certain named individuals. It is clear that the "balance" refers to the net amount left after the sale of the specifically itemized assets and cannot, in our opinion, be construed as a general residuary clause. The

Supreme Court, in referring to this "balance," used the words "the so-called residuary legatees," and stated that it was not "the general residuum of all the testator's estate but only what remained of a particular fund derived from specified sources, after deducting therefrom the amount of the charitable legacies and certain other charges upon it." See page 414. This case was decided in April 1900 and while the syllabus refers to a residuary clause, it is fundamental that the syllabus must be read in conjunction with the facts of the case. It appears that the "balance" in the *Davis case* cannot be construed as a general residuary clause and, hence, is not applicable to the facts in the instant case where there is a general residuary clause.

Considering the will as a whole, and also ascertaining the testator's intention by considering the words and their use and that the testator did not give any recognition to his three sisters, including Louise Warder who was a witness to his will, we must conclude, as to the second issue above stated, that the share of the estate described in the general residuary clause as passing to Walter Thomas and Florence Thomas in equal shares, now passes to Walter Thomas as a whole interest and Florence's share does not pass by the law of intestate succession.

For the reasons stated, we hold that the assignments of error must be sustained as to the second question posed above because under the great weight of Ohio law, Walter Thomas will take the share which his sister, Florence Thomas, would have taken had she survived the testator.

The judgment of the Probate Court, therefore, must be reversed as contrary to law, and the cause remanded with instructions to enter final judgment for appellants not inconsistent with this opinion.

KOVACHY, P. J., concurs.
SKEEL, J., dissents.

SKEEL, J., dissenting. I dissent from the judgment herein entered by the majority of this court.

Item 2 and Item 3 of the will provide:

"Item 2. I give, and devise my interest in real estate known as 17506 Lorain Avenue, Cleveland, Ohio, and further

known as Sub Lots 3 and 4 in Paul Allien Subdivision (Vol. 63, Page 36 of Records) as follows:

Six-sevenths (6/7ths) to my brother, Frank J. Thomas,

One-seventh (1/7th) to my brother, Walter Thomas, absolutely and in fee simple.

"Item 3. All the rest, residue and remainder of my estate, real and personal of every kind and description which I own or have a right to dispose of I give, devise and bequeath to my brother, Frank J. Thomas. In the event of his predecease, the residue of my estate shall pass to my brother, Walter Thomas, and my sister, Florence Thomas, in equal share."

Frank J. Thomas, the principal beneficiary under the will, died without issue, November 25, 1954, and Florence Thomas, one of the two remaining beneficiaries under the will, died without issue, May 12, 1957. Thus, Walter Thomas is the only surviving beneficiary named in the will. His three sisters not mentioned in the will also survived the decedent.

At the time of his death, the testator was the owner of thirteen-fourteenths of real property, valued at $25,500, described in the will and also possessed personal property of the value of $6,803.13.

The fact which is made perfectly clear from an examination of Item 2 of the will is that the devise of six-sevenths of the testator's real property, which devise was identified by description, was a specific devise to his brother, Frank J. Thomas, and the balance of the real estate passed by specific devise to his brother, Walter Thomas. This portion of the property did, in fact, pass to Walter Thomas. The first paragraph of Item 3 provides "All the rest, residue and remainder of my estate, real and personal of every kind and description which I own or have a right to dispose of I give, devise and bequeath to my brother, Frank J. Thomas." This could only mean all other property that he might own at the time of his death, not otherwise specifically provided for, was disposed of by this provision and did not include or intend to, and, of course, could not include the real property, most of which he had already devised to the same beneficiary, his brother, Frank.

The last sentence of Item 3 provides "In the event of his predecease (Frank J. Thomas), the residue of my estate shall

pass to my brother, Walter Thomas, and my sister, Florence Thomas, in equal share.'' This item being a part of the item of the will granting to Frank the balance of the testator's property clearly refers to and includes only the property_devised and bequeathed by the first part of this item and could not have intended to include any other property then owned by the testator. The word ''residue'' in this sentence refers directly to that which was disposed of in the first part of Item 3 as residue. Any other interpretation would be to disregard the plain meaning of the words used by the testator. The case of *Davis* v. *Davis*, 62 Ohio St., 411, 57 N. E., 317, completely supports this conclusion. The first, second and third paragraphs of the syllabus provide:

''1. When a residuary clause in a will admits of a limited application as well as of one of a more general character, it should be given that construction which will be most favorable to the heir-at law.

''2. The rule which adopts a construction more favorable to the residuary legatee with respect to void or lapsed legacies than is applied with respect to void or lapsed devises, does not obtain in this state. The will should be construed, in either case, so as to give effect to the intention of the testator as fairly ascertained from a consideration of all its provisions and his situation at the time of its execution.

''3. Where the residuary clause is limited in terms to 'the balance' that remains after the payment of certain legacies from a fund derived from particular property, the amount of such legacies that are void or lapsed, does not pass under such clause, but is subject, as undisposed of property, to the statutes of descent and distribution.''

The facts in the *Davis case* were that one, William Hutchings, by his will, left several specific bequests to charities and provided that his business interest be disposed of and the money used for ''all before specified as my indebtedness and to my legatees and the charities. The balance be divided between the children living at my death, of the hereinafter named brothers and sisters of my late wife and myself, viz: Robert Hutchins, Phillip Hutchins, (2 daughters) William Down, Mary Montjoy, Grace Isaacs, my late sister, Elizabeth Noakes, and Catherine

Isaacs. P. S. Henry Noakes had 100 dollars deduct and properly divide with others.'' The testator died within a year after the execution of the will whereby the three charitable gifts, of a total of twenty-five hundred dollars, were rendered void.

The question presented for construction, as stated by the court on page 414 of the opinion, was ''* * * whether the amount of the void legacies fell into the balance above mentioned, or passed as undisposed of property to the adopted child.'' The Circuit Court had held that the void legacies passed as a part of the ''balance'' under the residuary clause. The Supreme Court said: ''This conclusion seems at variance with the language of the will and the apparent intention of the testator. The 'balance' that is given to the so-called residuary legatees is not the general residuum of all of the testator's estate but only what remained of a particular fund derived from specified sources after deducting therefrom the amount of the charitable legacies and certain other charges upon it. The gift of that balance necessarily excludes from the gift everything that the will provides shall be deducted from the fund in order to arrive at the balance.''

The application of the rule of law, as thus stated, when applied to the facts of the case now before us, requires the conclusion that the testator intended that his brother, Frank, was to receive the residue of his estate but if Frank predeceased the testator, then such ''residue'' should pass to his brother, Walter, and sister, Florence, since the words to be interpreted are found as a part of and in the same item dealing with that part of the testator's property remaining after the specific devises. This conclusion necessarily brings about the result that that part of the real estate intended to pass to Frank J. Thomas by specific devise, not being disposed of by the will because of his death prior to that of the testator, passed by intestate succession to all the brothers and sisters of the testator living at the time of his death.

The rule of interpretation and the burden of proof contended for by the appellant in citing 41 Ohio Jurisprudence, page 947, Wills, Sec. 831, ''Lapsed Legacies and Devises'' under ''Residuary Clause,'' does not clearly support his contention. There it is provided, after referring to the common law

rule that lapsed legacies of personal property generally fall into the residuary clause, while lapsed devises of real property generally to the heirs at law, the following: "The modern rule is that residuary clauses carries all the estate of the testator not otherwise lawfully disposed of by will, including void and lapsed legacies and devises. *There can be no proper application of the rule, however, when a different intention may be fairly drawn from all the provisions of the will or such lapsed legacy is expressly excluded from the general residuary clause.*" (Emphasis added.) In other words, the burden is on the heirs of proving a construction different from the rule that a residuary clause carries all the estate not otherwise lawfully disposed of. Here, the facts being stipulated, there is no question of the burden of proof presented. The only question is whether or not the last sentence of Item 3, connected as it is with the only other sentence in the paragraph and qualifying the devise and bequest which is contained in the first sentence, can be said to deal with property beyond that disposed of in the first sentence in the event of the death of the beneficiary named in the first sentence of the paragraph.

There is no general residuary clause in this will. This fact distinguishes the case of *Hewes, Admx.* v. *Mead*, 81 Ohio App., 489, 80 N. E. 2d, 212, where, on page 493 of the opinion, the court said:

"Where a residuary clause refers to a balance after other gifts, or to a specific fund, or to a certain class of property, or words of like import, the courts have uniformly interpreted the language to limit the residuary estate to the particular property. If, however, the residuary clause contains no such clearly expressed intention to limit the property given, then it is deemed to be of a general nature, and lapsed gifts pass as designated in the will. *Davis* v. *Davis, Exr.*, 62 Ohio St., 411, 57 N. E., 317, 78 Am. St. Rep., 725; *In re Stewart*, 37 Ohio Law Abs., 105, 45 N. E. (2d), 792; 41 Ohio Jurisprudence, Wills, Section 833, et seq., and cases there cited; 10 A. L. R., 1522."

The last sentence of this quotation was the basis of the court's decision in that case, the first sentence clearly stating the rule to be applied in the case at bar.

Some mention is made by the appellant of the rule that if

possible the construction of a will should favor testacy rather than intestacy of part of the property of the testator. This rule is no more persuasive in this case than the rule that a court of equity will give that construction to a will which will be most favorable to the heirs at law.

In the case of *Bane* v. *Wick*, 19 Ohio, 328, the court said in the syllabus:

"If the language of the testator, in a residuary clause of his will, will admit of a limited application, as well as one of a more general character, a court of equity will give it that construction which will be most favorable to the heir at law."

This case was followed in the *Davis case* (*supra*) where, on page 417, the court quoted with approval the first paragraph of the syllabus of the *Bane case*. Also, on page 334 of the *Bane case*, the court said:

"It is true, 'a court of equity is never disposed to put such a construction upon a will as would be likely to lead to an intestacy.' But, where the testator has wholly failed to give his meaning, or any clue to the same, and the residuary clause will admit of more than one construction, a court of equity will be expected to adopt that which will affect the least injuriously, the heir at law."

Both the *Davis* and the *Bane cases* are cited in 41 Ohio Jurisprudence, 950, Wills, Sections 832 and 833, where, in the last cited section, it is said:

"It seems that where the residuary clause is confined to a certain residuum or a certain fund, it will be restricted accordingly in construing its scope unless there is a clear expressed wish to the contrary."

Here the facts are that the brother who was the member of the testator's family that he intended should enjoy the greater part of his estate passed away before the testator and there remained only one of the testator's brothers and sister (who also passed away before the testator) mentioned in Item 3, who were given but a small interest in the estate by the testator's will. A reasonable construction of the provisions of the will in question would benefit all of his immediate family. Such reasonable construction should, therefore, be adopted by the court of provisions doubtful in meaning that would effect the least injury to the heirs at law.

For the above reasons, I dissent from the view of the majority of the court and hold that the judgment of the Probate Court should be affirmed.