to be found according to the evidence, and order an immediate amendment." (Section 2317.50, Revised Code.)

Before or after judgment, in furtherance of justice, the court may amend any pleading, process or proceeding, by adding or striking out certain matters, or "when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved." (Section 2309.58, Revised Code.) And "in every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." (Section 2309.59, Revised Code.)

The whole Code of Civil Procedure was enacted upon the principle of doing justice to the parties (and its amendments have been to the same effect), and this was well expressed in Swan's "Pleading and Precedents," 129:

When a suitor appeals to the public tribunals for justice, no subtlety of the lawyer of his adversary should be permitted to evade an inquiry into the merits of the case, and no mistake of his own lawyer should be an excuse for denying to him an inquiry into the real injury he may have sustained.

The outside influences and rules brought into Ohio procedure in civil actions, as shown, must be entirely rejected. Pleadings are to be, as intended, "plain and truthful," "in ordinary and concise language."

Entry in accordance with this opinion.

KELLOGG, EXR., *v.* CAMPBELL, EXR., ET AL.

(No. 663248—Decided March 3, 1965.)

Probate Court of Cuyahoga County.

*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for plaintiff.
*Mr. Mark G. Snow,* for defendant Acacia Park Cemetery Association.

ANDREWS, Chief Referee. Plaintiff is executor of the last will and testament of Katherine B. Arundel, who died on August 24, 1964. His action is denominated "Petition to Determine Heirs and Declaratory Judgment."

By item II of her will, testatrix bequeathed to her nephew, Henry Pfaus, her two metal trunks and their contents, and all of her other tangible personal property. Item II was revoked by a codicil.

Item III contained four pecuniary bequests to charitable corporations and seven to individuals.

Among the bequests to individuals were the following:

"Alice Lawson, my niece, * * *          $500.00
Alice Amanda Pfaff, my niece, * * *     $2,000.00
Henry Pfaus, my nephew, * * *           $3,000.00"

By her codicil the testatrix revoked all the item III bequests to individuals except the $2,000 bequest to Alice Amanda Pfaff. She did not revoke any of the charitable bequests, and in her codicil she restated them, as well as the gift to Alice Amanda Pfaff.

Between the date of the will and the codicil, Alice Amanda Pfaff, whose married name was Alice Marria, died, leaving no issue.

Item IV of Katherine Arundel's will reads as follows:

"All the rest and residue of property, real, personal and mixed of every kind and description wheresoever situate which I may own or have the right to dispose of by virtue of the will of any other person or persons or otherwise, I give, devise and bequeath to The Cleveland Foundation of Cleveland, Ohio."

The Cleveland Foundation was not one of the four charitable legatees named in item III of the will.

Item IV was not affected by the codicil, and is in full force.

Alice Lawson, the niece, and Henry J. Pfaus, the nephew, are the only surviving next of kin of the testatrix.

Plaintiff seeks the answer to two questions.

1. Did the bequest of $2,000 to Alice Marria (nee Alice Amanda Pfaff) lapse by reason of her death prior to that of the testatrix?

The answer is that the bequest did lapse. The following concise statement of the rule appears at page 2 of an article by Robert C. Bensing, entitled "The Ohio Anti-Lapse Statute," published in 28 University of Cincinati Law Review 1 (1959):

"Where the anti-lapse statute does not apply, if the *named* recipient of a general or specific devise or bequest is dead at the time of the execution of the will, or thereafter predeceases the testator, the gift lapses."

See the similar statement of the rule in 56 Ohio Jurisprudence 2d, Wills, Section 851. The rule is so well settled that it is unnecessary to discuss or cite particular cases. Most if not all the Ohio cases are cited in one or both of the above articles.

In the present case, the Ohio anti-lapse statute, Section 2107.52, Revised Code, does not apply, because Alice Marria left no issue surviving her.

2. The $2,000 bequest having lapsed, we are asked to determine who is entitled to this money. Should it be distributed to The Cleveland Foundation, as residuary legatee, or to Alice Lawson and Henry J. Pfaus, the next of kin, under Section 2105.06, Revised Code, the statute of descent and distribution?

The answer is that the $2,000 becomes part of the residuary estate and is distributable, along with the rest of the residuary estate, to The Cleveland Foundation. The rule is well stated in 56 Ohio Jurisprudence 2d, Wills, Section 868:

"The modern rule is that a general residuary clause carries all the estate of the testator not otherwise lawfully disposed of by the will, including void and lapsed legacies and devises."

The author goes on to point out that the rule does not apply when the will shows a different intention or when the lapsed legacy is expressly excluded from the residuary clause.

The following statement from 56 Ohio Jurisprudence 2d, Wills, Section 869, is likewise pertinent:

"Ordinarily, in determining the devolution of lapsed legacies, the courts assume that by the use of a general residuary clause, the testator evinced his intention not to die intestate as to any of his estate, real or personal."

The principle is stated in the same way in 10 A. L. R. 1522, which adds the following:

"To overcome this presumption the residuary clause must contain language indicating that it was the intention of the testator to except and withdraw from the operation of the clause, the property he attempted to dispose of by a bequest or legacy, or the surrounding facts and circumstances must show such intention."

Professors Bowe and Parker make the interesting comment that as an original question, there might have been some doubt about the fair construction of a general residuary clause. "It might seem as likely," they say, "that the words, 'rest' or 'residue,' mean 'property of which I have not *attempted* to make disposition hereby' as that they mean 'property of which I have not *made a valid disposition* hereby.' " (Emphasis added.)

But, continue Professors Bowe and Parker:

"It became settled, however, that a general residuary clause included all personal property of which testator had not made a valid disposition, whether he had attempted to make disposition thereof or not, unless such property was excluded from the general residuary clause by some language showing such intention. Accordingly, it was generally held that a lapsed legacy, other than a lapsed residuary legacy, became a part of the residuum upon lapse, and passed to the residuary legatees."

6 Bowe-Parker: Page on Wills, Section 50.16, p. 94 (1962). See also 10 A. L. R. 1522 at 1528; Bensing, The Ohio Anti-Lapse Statute, 28 Univ. of Cincinati L. Rev. 1, at 2-3 (1959); 4 Bowe-Parker: Page on Wills, Section 33.50 (1961); 3 Woerner, American Law of Administration, Sections 437, 462 (3d ed. 1923).

Mr. Woerner, in Section 437 of his book cited *supra,* puts the matter in this clear fashion (at page 1478):

"Hence the rule is, that as to the personalty the will speaks from the time of the testator's death, and the residuary legatee takes not only what is undisposed of by the terms of the will, but that which becomes undisposed of at the death by disappointment of the intention of the will."

Parenthetically, although not material to the instant case, the rule is now the same with reference to real property.

The Ohio cases are in accord with the rule. *Bradford* v.

*Bradford* (1869), 19 Ohio St. 546; *Woolley* v. *Paxson* (1889), 46 Ohio St. 307 (dictum); *Davis* v. *Davis* (1900), 62 Ohio St. 411 (recognizing rule, but holding that wording of will showed a contrary intention); *Baker* v. *Carpenter* (1903), 69 Ohio St. 15 (dictum); *Oglesbee* v. *Miller* (1924), 111 Ohio St. 426 (undisposed of property: dictum); *Robbins* v. *Pigg* (1918), 45 C. C. 682, 35 C. D. 682, motion to certify overruled, 16 O. L. R. 80; *Heebsch* v. *Lonsway* (1947), 81 Ohio App. 361; *Hewes* v. *Mead* (1947), 81 Ohio App. 489; *Collins* v. *Patton* (App. 1952), 64 Ohio Law Abs. 518; *Zangerle* v. *Thomas* (Cuyahoga County 1961), 115 Ohio App. 37, motions to certify overruled, October 25, 1961; *McCroskey* v. *McCroskey* (Com. Pl. 1907), 6 N. P. (N. S.) 121, 18 O. D. (N. P.) 190; *Stevens* v. *Hill* (Prob. 1934), 33 Ohio Law Abs. 465; *Lane* v. *Berk* (Prob. 1941), 35 Ohio Law Abs. 580 (disliking rule, but following it); *Kammer* v. *Raver* (Prob. 1950), 43 O. O. 302.

In reaching my conclusion, I have not overlooked the cases wherein certain clauses were held to be of such a limited or restricted nature that lapsed legacies did not pass thereby. See *Davis* v. *Davis*, 62 Ohio St. 411; 56 Ohio Jurisprudence 2d, Wills, Sections 869, 870; 10 A. L. R. 1522 at 1533.

The limited language in such clauses is entirely different from the general, unrestricted language in item IV of the present will, and the cases are clearly distinguishable, as recognized by the courts themselves.

It has been suggested that the phrase "all the rest and residue of property" in item IV of the will refers only to what was left over after all the "specific" (*sic.*) bequests mentioned in earlier items of the will, including the lapsed bequest.

The above position misconceives the doctrine previously discussed, under which general residuary words pass everything not *effectively* disposed of by other provisions of the will, in the absence of language showing a contrary intent.

Certainly a bequest of "all the rest and residue of property" which the testatrix owns, cannot by any stretch of the imagination be said to contain language excluding any of the property which, under the general rule, would pass to the residuary legatee. Indeed, it is difficult to think of more general and unrestricted language. And there is no doubt from the

authorities that such language constitutes a general residuary clause which passes lapsed, void, or otherwise ineffective legacies.

The following Ohio cases, all cited *supra*, contained this type of clause. *Hewes* v. *Mead* (residue or remainder); *Collins* v. *Patton* (all the rest, residue, and remainder); *Zangerle* v. *Thomas* (all the rest, residue, and remainder); *McCroskey* v. *McCrosky* (all the rest and residue); *Stevens* v. *Hill* (residue); *Lane* v. *Berk* (all the rest and residue). And see 56 Ohio Jurisprudence 2d Wills, Section 769, 869.

These cases represent the general rule. 10 A. L. R. 1522 at 1536; 6 Bowe-Parker, Page on Wills, Section 50.16 (1962).

Even in cases dealing with limited or restrictive clauses, the Supreme Court, by dictum or inference, upholds the view that the words "rest and residue" establish a "general" residuary clause. *Bane* v. *Wick* (1850), 19 Ohio 328 (undisposed of property); *Oglesbee* v. *Miller* (1924), 111 Ohio St. 426 (undisposed of property).

My attention has been called to *Commerce National Bank* v. *Browning* (1952), 158 Ohio St. 54. There is nothing in the *Browning* case at odds with my conclusion. As a matter of fact, it does not even deal with the problem before us. Rather, it involves a lapsed bequest of *part of the residuary estate.* Moreover, the court held that the lapsed share passed to the other residuary legatees and not, as intestate property, to the heirs.

Although my decision is based upon the principles set forth above, it is worthy of note that in her codicil the testatrix expressly revoked the bequests to Alice Lawson and Henry Pfaus. It would be rather incongruous to say that this evidenced an intention that a lapsed legacy should go to them as intestate property instead of falling into the residuary estate in accordance with the general rule.

### Conclusions of Law

1. The bequest of $2,000 to Alice Marria (nee Alice Amanda Pfaff) lapsed by reason of her death, without issue, prior to the death of the testatrix, Katherine B. Arundel.

2. The lapsed bequest of $2,000 becomes part of the residuary estate, which is to be distributed to The Cleveland Foundation of Cleveland, Ohio, in accordance with item IV of the will.