Houck, J.
The parties here stand in the same position as they stood in the court below.
A paper writing purporting to be the last will and testament of John L. Carpenter, deceased, was filed in the probate court of Morgan county, Ohio, and the same was duly admitted to probate as the last will and testament of the said John L. Carpenter, deceased.
*279 Thereafter suit was filed in the common pleas court of Morgan county by the plaintiff in error here, who was the plaintiff below, to set aside the will for the reason that it was not signed at the end thereof. The conceded facts are:
On the 25th day of July, 1913, John L. Carpenter duly made and executed his last will and testament, using a printed blank therefor, and leaving between the last dispositive item, being item eight, and the testimonium clause a blank space of about twenty-four inches.
Thereafter, on the 6th day of June, 1916, in said blank space, and immediately after item eight, the said John L. Carpenter utilized part of the blank space as follows:
“9. I make this 9th item as a codicil to my last will dated July 25th, A. D. 1913. In case my daughter Lucy Carpenter or my daughter Edna Carpenter should die before they should come into possession of the real estate mentioned in items second and third, then their share shall go to my wife Cora Carpenter if living and still my widow.
“In testimony whereof I hereunto set my hand this 6th day of June, 1916, to item 9 as a codicil to the above will. “John L. Carpenter.
“The foregoing codicil was signed by him in our presence and at his request and in his presence and in the presence of each other.
“Subscribed our names as attesting witnesses at his home this sixth day of June, 1916.
“Witness, R. R. Keirnes.
“Witness, Eldon D. Ahle."
*280 The record discloses the following proceedings in the common pleas court: Jury duly impaneled and sworn. Thereupon contestees offered in evidence the will and the record and order of probate, of the probate court of Morgan county, and rested. Thereupon counsel for contestor stated to the court that he did not intend to offer any evidence; and moved the court to direct the jury to return a verdict that said paper writing is not the last will ¿nd testament of John L. Carpenter. The court overruled the motion, to which counsel for contestor excepted. Thereupon counsel for contestees moved the court to direct the jury to return a verdict for the defendants. The court sustained the motion and the jury returned such verdict, finding said paper writing to be the last will and testament of John L. Carpenter. To all of which counsel for 'the contestor excepted. A motion for a new trial was filed and overruled, and exceptions were taken thereto.
Question: Did the trial judge err to the prejudice of .plaintiff in error?
Learned counsel for plaintiff in error in his brief says:
“First. That said purported will shows on its face, as a matter of law> that it is not signed at the end thereof.”
“Second. That if it can not be said to appear from said purported will as a matter of law that it is not signed at the end thereof, then that a question of fact was raised, by the instrument itself, as to whether or not it was signed at the end thereof and that said question of fact should have been submitted to the jury.”
*281 Counsel for plaintiff in error discussing the question of the paper writing, now before us, not being signed at the end thereof, says:
“An inspection of this' will, in question, discloses that a duly attested and executed codicil is written in the blank space originally left between the dispository clause of the will and preceding the testimonium clause. This codicil cuts the will in the middle. The validity of the codicil was not challenged in the common pleas court. The validity of the will only was in question. This codicil separates the will into two parts and this separation changes entirely the relation of one part of the will to the other parts thereof. The insertion of the codicil invalidates the will and causes it not to be signed at the end thereof, as required by law.”
Section 10505, General Code, provides:
“Except nuncupative wills, every last will and testament must be in writing, but may be handwritten or typewritten. Such will must be signed at the end by the party making it * * *.”
A valid codicil to a will must be executed with the same legal formalities as a last will and testament.
If this be done, and it is written on the same sheet of paper as the will, and between the last dispository clause and testimonium clause, as in the instant case, does it invalidate the will; or can it properly be claimed that by reason of this the effect in law is that the will is not signed by testator at the end thereof?
As a rule, the legal effect of a codicil, properly executed and referring to and identifying a pre *282 vious will, is to republish the will as modified by the codicil.
A codicil is simply a postscript to a will — a mere afterthought of the testator. It is the testator’s addition annexed to, and, when properly executed, as in the case at bar, a part of the testament.
In other words, the codicil is a part of the will, and, being part of the will, the last will and codicil constitute one testamentary disposition.
In Ohio, by statutory provision, the word “will” shall include “codicils.”
A will having no element of mutuality, but resting in the discretion of the maker, it will be conceded that he may change it by codicils at pleasure, provided the legal formalities of execution are carried out.
An examination of this will and the codicil thereto clearly shows that both were legally executed.
The will was executed on July 25, 1913, and the codicil of June 6, 1916, reaffirmed and republished said will in the following words: “I make this 9th item as a codicil to my last will dated July 25, 1913.”
The record discloses that all of the provisions of Sections 10519 and 12085, General Code, have been complied with, and therefore, in law, said paper writing is the last will and testament of John L. Carpenter, deceased.
The signature of the testator need not immediately follow the last word of the will. It is required, however, that the signature of the testator shall come after all of the dispositive portions of the will.
*283 An inspection of the will discloses the fact that item 9, known as the codicil, is just as much a dis-positive clause of the will as item 8, or any other item of the will. -
The signature of the testator appears twice on the paper writing before us, once after the testimonium clause in the will and once after the testimonium clause in what is designated the codicil. It therefore follows that it is clearly within the rule herein laid down.
We refer counsel to the case of Mader v. Apple, 80 Ohio St, 691. While this case is not strictly in point with the case at bar, yet it materially aided us in reaching the conclusion here announced.
Lastly, did the trial judge commit prejudicial error in sustaining the motion of contestees for a directed verdict ?
We answer this question in the negative and rely upon the rule of law laid down in the following cases:
Wagner v. Zeigler, 44 Ohio St., 59; Sears v. Sears, 77 Ohio St., 104; Mauk, Trustee, v. Shellabarger et al., 84 Ohio St., 461, and Clark v. McFarland, 99 Ohio St., 100.
Finding no error in the record in this case to the prejudice of the plaintiff in error, the judgment of the common pleas court must be and hereby is affirmed.

Judgment affirmed.

Shields and Patterson, JJ.,' concur.