F OYE ET AL ., E XRS . AND T RUSTEES , *v.* F OYE ET AL .

(Decided May 10, 1928.)

*Mr. L. K. Powell* and *Mr. C. H. Henkel,* for plaintiffs.

*Mr. George K. Foye, Jr.,* and *Messrs. Carhart & Warner,* for defendants.

HOUCK, J. Frank M. Foye and Isabelle Irene Foye Baylor, in their trust capacity, filed a petition in the common pleas court of Morrow county, Ohio, asking for the construction of the last will and testament and the two codicils thereto of George K. Foye, deceased, and asked the direction of the court.

The defendant George K. Foye, Jr., filed an answer and cross-petition, also asking for the construction of said last will and testament and codicils thereto, and the defendants Frank M. Foye and Isabelle Irene Foye Baylor, as individuals, filed an answer and cross-petition and also asked the court for a construction of said last will and testament and codicils.

The cause was submitted to the trial judge in the lower court, who construed said will and codicils, and such construction was journalized and became the judgment of that court.

The defendant George K. Foye, Jr., appealed from the judgment of the common pleas court to this court, and the cause was submitted here on oral argument and written brief of counsel in the case.

The will of George K. Foye was executed by him on the 22d day of December, 1919.

In 1920 the testator sold his Canton real estate and a farm in Morrow county, which he had specifically devised in item 3 of his will, receiving therefor the sum of $31,750 in cash.

On the 26th day of July, 1921, the testator made a codicil to his will, and on the 14th day of January,

1924, he made a second codicil. The testator departed this life on the 3d day of January, 1926.

The contention here arises out of the fact that the testator during his life, after making his will, sold the real estate devised in item 3 of his will, and the question for determination by this court is: Under the provisions of his will, and the codicils to it, what is the proper and legal distribution to be made of the $31,750 received by him as the proceeds of the sale of said real estate?

We hold that this is to be determined by a proper and correct interpretation and construction of item 5 of the will and of codicil No. 2.

Item 5 of the will reads:

"I give, devise and bequeath all my property, not otherwise disposed of in this will, to said Frank M. and Isabelle Irene Foye in equal shares."

Codicil No. 2 reads:

"I, George K. Foye of Mt. Gilead, Ohio, do make, publish and declare this to be a codicil to my last will and testament of date of December 22d, 1919, with codicil of date of July 26th, 1921.

"1. It is my will that my executors and trustees named in this, my said will and codicils be required to give bond before entering on their duties as such executors and trustees, as required by law.

"2. In the event of the death of my nephew Frank M. Foye, and my niece, Isabelle Irene Foye Baylor, without children surviving them, it is my will that my nephew, George K. Foye, shall be appointed executor and trustee in their stead, and in that event I give and bequeath my estate to him and his children if he leaves children surviving him, ex-

cepting the sum of two thousand dollars which I hereby set apart as a special legacy to my nephews Don Carlos Foye and George W. Foye in equal shares, and to be and remain such fund for ten years, at which date I direct the same with any accumulated interest to be paid to them, in fee simple.

*"The residue of my estate on final settlement, if the same shall pass and descend under this will and codicils, I give, devise and bequeath to my said nephew, George K. Foye, in fee simple, excepting the two thousand dollars above specified.*

"In Witness Whereof I have hereunto set my hand at Mt. Gilead, Ohio, this 14th day of January, 1924."

It seems a waste of time to set forth the rules laid down by our courts in the construction of wills and codicils. Of course, the intention of the testator controls, and that intention must be obtained from the language used by him in his will and codicils. Such intention can only be determined from the words and sentences used, and by giving to them their plain and ordinary meaning. Therefore, if a clause of a will or codicil is susceptible of two constructions, one of which is in harmony with the remaining provisions and the other at variance therewith, the court will, of course, assume the correct construction is the one which will harmonize with the various provisions, and will sustain the seeming natural disposition of testator's property as disclosed by the language used and as gleaned by all the circumstances and surroundings of the testator at the time of the making of the will or the codicil.

Each will stands alone, and its construction and

meaning must be ascertained from the language used therein.

Courts seem to be unanimous in holding that precedents are of little or no value in the construing of a will.

Counsel for the defendant George K. Foye, Jr., urge that there is nothing in the original will, standing alone, that would dispose of the fund arising from the sale of the real estate.

This claim is not sound, and is not in accord with the plain meaning and the only logical and reasonable interpretation of the language used in item 5 of the will.

Under the provisions of item 5, which is unambiguous, and is clear, plain, definite, and certain, testator did not die intestate as to any of his property. This language specifically provides against any intestacy. It gives to Frank M. and Isabelle Irene Foye in equal shares all of his property not otherwise disposed of in his will, which reaches out and includes the $31,750 in dispute.

But it is insisted by counsel for George K. Foye, Jr., that under the second codicil, and especially the last clause thereof (the italicized part being that relied upon), that the said $31,750 go to and vest absolutely in George K. Foye, Jr.; that the italicized words and language set aside and abrogate the provision of item 5 of the original will, thereby vesting the said fund as aforesaid in George K. Foye, Jr.

We cannot and do not acquiesce in this claim.

What is the office, force, and legal effect of a codicil to a will?

It is a supplement to a last will and testament, and

it must be executed with the same legal formalities as the will. It is added to the will after its execution, the purpose usually being to alter, enlarge, or restrain the provisions of the will, or to explain, confirm, and republish it. It does not supersede the will, as an after-made will would do, but is a part of it, to be construed with it as one instrument. But it is not a revocation of the former will except to the extent that its provisions are inconsistent with the will, unless the intent to revoke is expressed.

The rule may be further stated:

"The legal effect of a codicil properly executed and referring to and identifying a previous will, is to republish the will as modified by the codicil.

"A codicil is simply a postscript to a will—a mere afterthought of the testator. It is the testator's addition annexed to, and, when properly executed, as in the case at bar, a part of the testament.

"In other words, the codicil is a part of the will, and, being part of the will, the last will and codicil constitute one testamentary disposition.

"In Ohio, by statutory provision, the word 'will' shall include 'codicils.'

"A will having no element of mutuality, but resting in the discretion of the maker, it will be conceded that he may change it by codicils at pleasure, provided the legal formalities of execution are carried out."

*Clark* v. *Carpenter, Exrx.,* 14 Ohio App., 278, 281, 282.

Certainly there is nothing in the italicized language, upon which reliance is had, that would indicate any inconsistency between it and the plain pro-

vision contained in item 5 of the will. Hence no modification or change is made in the disposition of testator's property by said italicized language in codicil No. 2 that would set aside the purpose and intent as is clearly patent by the language used in item 5 of the will, which specifically passes the questioned fund to Frank M. and Isabelle Irene Foye.

It is clear to the court from a careful reading of the will and codicils, applying thereto the rules of construction herein laid down, that the testator had in mind as the sole objects of his bounty and the beneficiaries of his estate, if they survived him, his nephew and niece, Frank M. Foye and Isabelle Irene Foye, now Baylor.

The questioned language in codicil No. 2 does not indicate, and the testator did not by its use intend to so indicate, and it cannot be so construed as to mean, a purpose or an intention on the part of the testator to change the beneficiaries in his will.

The most that can be claimed for said language, and the only proper construction to be applied or given to it, is merely that it was a manifestation of intention on the part of the testator to make and provide for a disposition of all his property in case Frank M. Foye and Isabelle Irene Foye Baylor did not survive him.

If we interpret and construe the will and codicils now before us from the four corners of the entire instrument, giving to the language therein contained its simple, plain, and ordinary meaning, and keeping in mind the intention of the testator, predicated on the language used and the declaration contained in the will and codicils, we are bound to find that the

testator intended all of his property and estate should go to Frank M. Foye and Isabelle Irene Foye Baylor and their surviving children, and that George K. Foye, Jr., should have some part of his estate only in the event that Frank M. Foye and Isabelle Irene Foye Baylor could not take or had no children to take. In other words, testator clearly intended that in case Frank M. Foye and Isabelle Irene Foye Baylor survived him they should take the estate, and in the event they or either of them should die prior to the death of George K. Foye, but left children surviving them, then the children should take.

The following authorities were instructive as well as helpful to the court in reaching its conclusion in this case: *Townsend's Exrs.* v. *Townsend,* 25 Ohio St., 477; *Foster* v. *Clifford, Exr.,* 87 Ohio St., 294, 101 N. E., 269, Ann. Cas., 1915B, 65; *Moon, Admr.,* v. *Stewart,* 87 Ohio St., 349, 101 N. E., 344, 45 L. R. A. (N. S.), 48, Ann. Cas., 1914A, 104; *Hasse* v. *Morison,* 110 Ohio St., 153, 143 N. E., 551; *Sommers* v. *Doersam,* 115 Ohio St., 139, 152 N. E., 387; and *Persinger* v. *Britton,* 10 Ohio App., 164.

The judgment in this case will be in favor of Frank M. Foye and Isabelle Irene Foye Baylor, and against George K. Foye, Jr. Will of George K. Foye construed by holding that Frank M. Foye and Isabelle Irene Foye Baylor take share and share alike the $31,750, being the proceeds of the real estate devised in item 3 of the will, which real estate was sold and converted into money during the lifetime of testator.

Seemingly there is no dispute among parties or counsel as to the construction placed on said will

and codicils by the common pleas court as to the other provisions. Therefore, the judgment in this case by this court will be the same as that in the lower court.

*Decree for plaintiffs.*

SHIELDS and LEMERT, JJ., concur.