### NELSON et v MINTON, Exr et

Ohio Appeals, 1st Dist, Butler Co

No 564. Decided May 8, 1933

C. W. Elliott, Middletown, for plaintiffs in error.

Williams, Sohngen, Fitton & Pierce, Hamilton, for defendants in error.

ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Butler County in which it is sought to reverse the judgment of that court construing a will.

The case presents an interesting question which though rare is not altogether novel.

Briefly stated, the facts are that the testatrix in her will divided her estate equally between the relatives of her deceased husband and her own relatives. In the will these were mentioned by name. At the time of the execution of the will, a brother and sister of the deceased husband, and a niece and two nephews were dead and known to be dead by the testatrix, when she signed the will.

It is contended that the intention of the testatrix is plain that she intended to distribute one-half of her estate among the relatives of her deceased husband or their descendants per stirpes.

Several considerations at once assert themselves. The testatrix could have easily used language to make this purpose not

only evident, but plainly mandatory. She did not use such language. The law is well known, even to the laymen that a devise to a deceased person lapses. §10581, GC, (now §10504-73, GC) makes an exception to this rule, but only in the case of relatives of the testator. **Foreman v Bank, 119 Oh St 17.**

While the intention of the testatrix is of paramount importance over every other consideration, it must be ascertained from the language used, applied to the facts existing at the time of the writing of the will or possibly her death.

Courts cannot interpolate words or phrases into a will. To do so is to write what the testatrix has not written. It is the written will that the court must construe.

While courts will avoid intestacy if possible, the desire to do so cannot prevent a lapse, where words constituting testate disposition are lacking.

Now in this case the testatrix knew the devisees in question were dead when she signed the will. She also is presumed to know that devises to them lapsed and were void. What was her intention in naming them. A mere gesture in the direction of an equal distribution between her own and her husband's relatives? An intent to give a group distribution with a taking by the survivors a per stirpes distribution? Any one of these or other suggestions can at best be but opinions, guesses, one as good as the other.

In Dildine v Dildine, 32 N. J. Eq. 78, at page 81, of the opinion the court say:

"But when he made the will he knew that his sisters were both dead, and yet the gift is to them by name. If he intended that the brothers should have all the property which was the subject of the gift, why not say so, Why give to each of the two sisters an equal share of it with them? It must be remembered that he knew the sisters were dead. He might have intended (and I think he probably did so intend) by the gift to bestow one-quarter of the property on the children of his sisters, the scrivener using the names of the sisters with a view thus to express the testator's intention that their children should take per stirpes. But if such was the testator's intention, he has not so declared it as to effectuate it. The rules of construction forbid the substitution of the children for the parent under such a bequest."

See also, Stiegler v Hibbert, 17 Del. Cha. Rep. 32; 147 Atl. 252.

In conclusion we find no rule of construction justifying the writing into the will in question the necessary words to effect either a survivorship or per stirpes distribution to the descendants of the relatives of the deceased husband or to the survivors of such deceased relatives known by the testatrix to be dead at the time she executed the will.

Our opinion that one or the other of these dispositions was her intention cannot be substituted for testamentary language effecting the same. The judgment of the Common Pleas Court is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.