HEEBSCH, EXR., APPELLEE, *v.* LONSWAY ET AL., APPELLANTS.

(No. 314—Decided June 5, 1947.)

362

Messrs. Carpenter & Carpenter, for appellee.
Messrs. Spitler & Flynn and Mr. Francis M. Marley, for appellants.

MIDDLETON, J. This is an appeal on questions of law, from a judgment of the Common Pleas Court of Seneca county, in which appeal it is sought to reverse the judgment of that court construing a will.

The case was submitted below, on the following agreed statement of facts:

"It is admitted by the parties hereto that the facts in this case are as follows:

"That one Robert B. McClellan, a resident of the city of Tiffin, Ohio, died on the 30th day of May, 1945, leaving a will, which was duly admitted to probate by the Probate Court of Seneca county, Ohio, on the 15th day of June, 1945, and that on said date, letters testamentary were duly issued by the Probate Court to the plaintiff who is now the duly qualified and acting executor of said estate. That a copy of said will, which is attached to the petition in this action, marked 'exhibit A,' is a true and correct copy of the last will and testament of Robert B. McClellan, deceased.

"That the defendants, Florence Lonsway, Mabel (Lonsway) Yonker, Ethel (Lonsway) Cunningham and Edith Hollingshead, are the only living legatees and devisees named in said will. That the legatee and devisee, Marrie Grabach, named in item second and third of said will, died on January 23, 1945, being a nonrelative of the deceased testator. That the defendants named in this action, Florence Lonsway, Mabel (Lonsway) Yonker, Ethel (Lonsway) Cunningham, and Edith Hollingshead, are related to Robert

B. McClellan, deceased, being cousins of said deceased.

"That the defendant Mary E. Ritchie, is a sister of the deceased. That the defendants, Faye Lovell, Mrytle Krutsinger, Pearl Krutsinger, Blanche Niswander, Clarence Chandler and Ray Chandler, are all of the nephews and nieces of the deceased; and they and Mary E. Ritchie, his sister, are all of the next of kin of Robert B. McClellan, deceased. That the defendants, Faye Lovell, Mrytle Krutsinger, Pearl Krutsinger, Blanche Niswander, Clarence Chandler and Ray Chandler, are all of the children of their deceased mother, who was a sister of the said Robert B. McClellan, deceased.

"That the appraised value of the real and personal property of deceased's estate amounted to the sum of $21,822.73, and that all of the creditors have been fully paid and satisfied."

The will of Robert B. McClellan, omitting the formal parts, is as follows:

"First. I direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

"Second. It is my will and I hereby authorize and empower my executor hereinafter named to pay to my housekeeper, Marrie Grabach, the sum of two ($2) dollars per week beginning January 29, 1934, for each and every week she has kept house for me during my lifetime.

"Third. All the property, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to the following persons, to wit: One-fifth to Florence Lonsway of Fostoria, Ohio; one-fifth to Mabel (Lonsway) Yonker, of Fostoria, Ohio; one-fifth to

Ethel (Lonsway) Cunningham of Fostoria, Ohio; one-fifth to Edith Hollingshead of Fostoria, Ohio; and one-fifth to Marrie Grabach, who is my present housekeeper.

"Fourth. I give my executor hereinafter named, the power to sell any and all of my real estate that I may die possessed of without the intervention of any court, at either private or public sale as he may deem for the best interest of my estate, and I hereby authorize and empower him to make good and sufficient deed or deeds therefor.

"Fifth. I hereby request that my executor hereinafter named be given two years time in which to sell my farm containing about one hundred and sixty-two (162) acres of land located in Seneca township, Seneca county, and state of Ohio. And I further request that my executor hereinafter named rent the said farm to Henry Ward, the present tenant, for a period of two years upon the same terms and conditions the said farm is now rented. However, should the said Henry Ward, decide not to lease the said farm after my decease, I repose confidence in my executor hereinafter named, that he will lease the said farm to the best of his ability."

The court is asked to construe items two and three of the will.

The court below, in construing those items, held that item three constituted a residuary clause for the residue of the estate of the testator, to Florence Lonsway, Mabel (Lonsway) Yonker, Ethel (Lonsway) Cunningham, Edith Hollingshead and Marrie E. Grabach, and that Marrie E. Grabach died before the testator and, being a nonrelative of the testator, her interest in the residuary estate lapsed, and the sur-

viving legatées and devisees, Florence Lonsway, Mabel (Lonsway) Yonker, Ethel (Lonsway) Cunningham and Edith Hollingshead took the lapsed portion of the residuary estate in equal portions.

The court found further that item two of the will did not constitute a bequest, but was a statement of a debt due from the testator to Marrie E. Grabach and the personal representatives of Marrie E. Grabach, who is now deceased, are entitled to be paid the amount of the debt.

The only error assigned and argued in the brief of the defendants, appellants herein, is that the judgment of the court below is not sustained by sufficient evidence and is contrary to law.

It is agreed that Marrie E. Grabach was not a child or other relative of the testator, and that she died before the testator.

It is also agreed that the bequests to Marrie E. Grabach, in item two and item three lapsed upon her death, prior to the death of the testator.

It is the contention of plaintiff, appellee herein, that item two is an acknowledgment of a debt, and not a bequest.

Item one of the will provides for the payment of the debts of the decedent.

Item two authorizes and empowers the executor to pay to Marrie Grabach the sum of two dollars per week, beginning on January 29, 1934, for each and every week she kept house for the testator.

Prior to the death of Marrie Grabach she and the testator entered into an agreement, by the terms of which Marrie Grabach acknowledged that she had been fully paid, and that the testator was not indebted to her in any sum. Then follows a provision for the

maintenance of Marrie Grabach for the remainder of her life. This agreement was entered into on May 12, 1940.

Marrie Grabach died in January 1945, and the testator died in May 1945.

If item two were an acknowledgment of a debt, the debt was extinguished by that agreement; and if a debt and extinguished by the agreement, the testator had nearly five years in which to change this item if he so desired.

However, it is the opinion of this court that item two is not an acknowledgment of a debt, but is a bequest in the nature of a gift.

Section 10504-73, General Code, is determinative of the questions involved in this case. This section provides as follows:

"Sec. 10504-73. When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator. If *such devisee* leaves no issue and the devise be of a residuary estate or of the entire estate after (a) debts, (b) other legacies and devises, general or specific, (c) a life estate, or (d) any other interest less than a fee or absolute ownership, to such devisee and one or more children or relatives of the testator, the estate devised shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will."

There is no ambiguity in the language used in item three of the will, and there is no need of applying any of the rules of construction in construing this item, as the language is clear and unambiguous and subject to but one construction.

Applying the provisions of Section 10504-73, General Code (which uses the term "devise" in its broad meaning to include both devise and bequest), we find Marrie Grabach was a devisee of both real and personal estates; that she was not a child or other relative of the testator; and that she died after the will was executed, and before the death of the testator.

The second sentence of Section 10504-73, General Code, provides for the disposition of a devise made to a child or other relative who dies leaving no issue, and the devise is to a residuary estate, etc.

The expression "if such devisee," used in the second sentence, refers back to the "child or other relative" mentioned in the first sentence of the section.

The second sentence of the section, therefore, has no application to the case at bar.

"Where a devisee or legatee in a will dies prior to the testator, such devisee or legatee not being a child or other relative of the testator within the terms of Section 10581, General Code, and such will contains no residuary clause nor any provision showing any other intention of the testator, such legacy or devise lapses and such testator dies intestate as to such property named in such legacy or devise." *Foreman, Admx., v. Medina County National Bank*, 119 Ohio St., 17, 162 N. E., 42.

Section 10504-73, General Code, makes an exception to the rule that a devise to a deceased person lapses, only in the case of relatives of the testator.

"Testatrix's intention is of paramount importance,

but it must be determined from the language of the will and applied to facts existing at time will was written, or possibly at testatrix's death." *Nelson* v. *Minton, Exr.*, 46 Ohio App., 39, 187 N. E., 576.

Also, on page 40 of the opinion it is stated:

"While the intention of the testatrix is of paramount importance—over every other consideration—it must be ascertained from the language used, applied to the facts existing at the time of the writing of the will, or possibly at her death.

"Courts cannot interpolate words or phrases into a will. To do so is to write what the testatrix has not written. It is the written will that the court must construe.

"While courts will avoid intestacy, if possible, the desire to do so cannot prevent a lapse, where words constituting testate disposition are lacking.

"Now in this case the testatrix knew the devisees in question were dead when she signed the will. She also is presumed to know that devises to them lapsed and were void."

It is, therefore, the finding of this court that:

First. Robert B. McClellan died leaving a last will and testament which was duly admitted to probate in the Probate Court of Seneca county, Ohio.

Second. Item two constituted a bequest to Marrie Grabach, which bequest lapsed upon the death of Marrie Grabach and became a part of the residuary estate.

Third. Item three is a residuary clause and bequeathed and devised the residue of the estate of Robert B. McClellan, to Florence Lonsway, an undivided one-fifth; Mabel (Lonsway) Yonker, an undivided one-fifth; Ethel (Lonsway) Cunningham, an undivided one-fifth; Edith Hollingshead, an undivid-

ed one-fifth; and to Marrie Grabach, an undivided one-fifth. The bequest devised to Marrie Grabach, of an undivided one-fifth, lapsed upon the death of Marrie Grabach.

Fourth. Marrie Grabach died prior to the death of Robert B. McClellan, and was not the child or other relative of the testator.

Fifth. Robert B. McClellan died intestate as to the lapsed one-fifth of the residue of his estate.

Sixth. The lapsed one-fifth of the residue of the estate, set out in item three, descended by operation of law to the next of kin of testator.

The court finds error in the judgment of the court below, in that the judgment is contrary to law.

The controlling facts in this action are conceded, and as the error of the court lies in the application of the law, this court renders final judgment and it is ordered that the plaintiff make distribution of the estate in accordance with this opinion.

*Judgment reversed.*

JACKSON, P. J., and GUERNSEY, J., concur.