The remedy, if any, is clearly with the Legislature. The judgment of the court below is affirmed.

*Judgment affirmed.*

BARNES, P. J., and HORNBECK, J., concur.

KEGLER, ADMX., APPELLEE, *v.* KEMPTER ET AL., APPELLEES; CLARK, APPELLANT.

(No. 6106—Decided March 9, 1942.)

*Mr. Albert D. Castellini,* for appellee Maria J. Kegler, Admx.

*Messrs. Peck, Shaffer, Williams & Gorman,* for appellant.

BY THE COURT. The question presented in this case is whether the daughter of the wife of the testator takes, under Section 10504-73, General Code, the estate which her mother would have taken under the will of her husband had she survived him.

It is conceded that the Supreme Court in *Schaefer* v. *Bernhardt,* 76 Ohio St., 443, 81 N. E., 640, construed the almost identical provision as that involved in the instant case, found in the code section referred to above, to include only those related by consanguinity to the testator. As the wife was not so related, the daughter cannot take, and the gift to the wife must lapse unless this court should give to the section a different construction.

It is urged upon us that the testator considered his wife's daughter as his daughter and so referred to her; that this fact should be considered in construing the will; and that the statute should be considered as a part of the will.

As we view it, this would be giving the daughter the status of an adopted child, when no adoption proceedings had been taken, and would be permitting a party to change or amend Section 10504-73, General Code, to include relatives by affinity, when the Supreme Court has decided that its benefits are limited to relatives by consanguinity.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., HAMILTON and ROSS, JJ., concur.